# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0737 | **DATE** | FEB 2 1 2012  2-21-12 |
| **CASE TITLE** | George Wyatt (B-39921) vs. Chicago Police Department, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Clerk shall send a copy of this order to trust fund officer at the Hill Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff, George Wyatt, a prisoner at the Hill Correctional Center, seeks to bring this suit *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.
    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that Plaintiff fails to state a claim on which relief may be granted because his present action is barred by the doctrine of *res judicata*.
    Plaintiff challenges the requirement that he register as a violent offender against youth and he contests his conviction for failing to comply with that state statute. Plaintiff names the Chicago Police Department and Chicago Police Detective P. Loftus as Defendants.
    A review of the Court's docket reflects that Plaintiff already filed suit regarding his dispute with the need to register as a violent offender against youth and his resulting conviction for violating that statute. *See Wyatt v. Illinois State Police, et al.*, Case No. 11 C 3170 (N.D. Ill.). Plaintiff raises the same claims in the instant action as he raised in this complaint in Case No. 11 C 3170. Plaintiff named the Illinois State Police, Detective P. Loftus, and Cook County State's Attorney Alvarez as defendants in Case No. 11 C 3170. By

| STATEMENT |
|---|

Minute Order of June 16, 2011, (Lindberg, J.), the court dismissed Plaintiff's complaint for failure to state a claim. Plaintiff did not seek reconsideration of the court's dismissal and did not appeal the court's order.

Plaintiff may not now bring what is clearly a second suit based on the same alleged facts in his prior suit. The doctrine of *res judicata* bars relitigation of claims that were already decided by a court of competent jurisdiction. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007).

The dismissal of Plaintiff's previous suit for failure to state a claim constitutes a final decision on the merits. *See Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004). Defendant Chicago Police Detective P. Loftus is named in both suits. Furthermore, the Chicago Police Department Officers is not a suable entity. *See Grey v. City of Chicago*, 159 F. Supp. 2d 1086, 1088 (N.D. Ill. 2001). Thus, the named defendant in the previous case is included in the present suit. Lastly, the claims in the present case arise from the same core facts as the previous case – Plaintiff's disagreement with the requirement that he register as a violent offender against youth and his resulting conviction for violating that statute.

For the reasons stated above, this suit is dismissed for failure to state a claim for which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

FILED 2012 FEB 21 AM 10:55 U.S. DISTRICT COURT